CHARLES T. FLETCHER ET AL. v. EDWARD GERMAIN.

*Contract—Interpretation.*

The question involved in this case is whether a written contract was made by correspondence between the parties by which the plaintiffs agreed to buy of the defendant 500 dozen, or more, screen doors, at certain specified prices, to be applied in payment for wire cloth purchased from plaintiffs by defendant. And it is held that the contract was for as many doors as the plaintiffs should need for the season's wants, and the judgment is affirmed.

Error to Saginaw.     (Edget, J.)     Argued July 1, 1890. Decided August 1, 1890.

*Assumpsit.*     Defendant brings error.     Affirmed.     The facts are stated in the opinion.

*Tarsney & Weadock,* for appellant, contended:

1. The proposition of defendant was to manufacture and sell to the plaintiffs 500 dozen, or more, screen doors; and they could not take less than 500 dozen and perform their contract. The language of the letter—" 500 dozen, or more, doors, should you want them "—applies to the doors bought or needed by plaintiffs in excess of the 500 dozen, but, in any event, the plaintiffs' bargain was to take 500 dozen screen doors, at least; and this proposition, we submit, is fully accepted by their letter of the 30th. The letter of defendant of the 28th was the final proposition made by him, and the letter of the plaintiffs, dated November 30, was the final acceptance and conclusion of the

contract, making the contract binding upon the respective parties, in the event of the breach of which the defendant would be entitled to recoup the damages sustained by him, by reason of such breach, against any claim the plaintiffs might have against him, and have judgment for the balance certified in his favor.

2. In the case of *Francis v. Barry*, 69 Mich. 313, Judge CHAMPLIN said: "The law appears to be well settled that a complete and binding contract may be created by letters or other writings relating to one connected transaction, if, without the aid of parole testimony, the parties, the subject-matter, and the terms of the contract may be collected." To the same effect is the case of *Thomas v. Greenwood*, 69 Mich. 215.

*Wheeler, McKnight & Grant*, for plaintiffs, contended:

1. When a contract is claimed to have been made by letters, the letters must embody the contract. The written proposition must be met by an acceptance which corresponds with it entirely and adequately. An acceptance of an offer by letter must be without qualification, and must be in the terms of the proposal, and not a variation therefrom, and the minds of the parties must meet, and the terms of the offer and acceptance must have been understood in the same sense by each party. The offer and acceptance must have been so complete as to leave no essential matter open for further consideration; citing *Johnson v. Stephenson*, 26 Mich. 63; *Gates v. Nelles*, 62 Id. 445; *Van Valkenburg v. Rogers*, 18 Id. 180; *Gates v. Gamble*, 53 Id. 181; *Thomas v. Greenwood*, 69 Id. 215.

2. As a result of these authorities, to constitute a contract by correspondence, there must have been an offer and acceptance. The acceptance must be absolute, complete, and unconditional, of exactly what is proposed, and nothing else. To make such a contract binding, the minds of the parties must meet, and there can be no meeting of minds unless the terms of the offer and acceptance were understood in the same sense by each party.

GRANT, J. Plaintiffs brought suit to recover a balance of $373.27 due them for wire cloth sold to defendant. Judgment in the court below was rendered for plaintiffs.

The judgment is admitted to be correct, unless the defendant is entitled to recoup damages for the violation of a contract alleged to have been made between the

parties, by which it is claimed that plaintiffs agreed to buy of the defendant 500 dozen, or more, screen doors, at certain specified prices, to be applied in payment of wire cloth purchased from plaintiffs by defendant. Defendant insists that a written contract was made by correspondence between the parties, as above stated. Several letters passed between them, but it is contended by the defendant that two letters, one written by him to plaintiffs November 28, 1888, and the reply of the plaintiffs, written November 30, concluded the contract. The first-named letter is as follows:

"MESSRS. FLETCHER, JENKS & CO.,
"Detroit, Mich.

"*Gentlemen:* Yours of the 11–27 received. We are satisfied to sell you 500 dozen, or more, doors, should you want them, at the price named by you, but will expect you to take any doors you give us specific orders for, which we think will be satisfactory to you, as we should not want to have order canceled after goods were made. Can you not give us about the percentage of doors you are likely to need so that we may be able to determine the amount of cloth we shall require? An early reply will oblige,

"Yours respectfully,
"E. GERMAIN."

The reply was as follows:

"EDWARD GERMAIN, ESQ.,
"East Saginaw, Mich.

"*Dear Sir:* Replying to your favor of the 28th, you have our idea exactly, and your proposition is satisfactory. Would say that the specifications would run, so far as we can now tell, the same as last year. You can get the proportion of sizes from last season's business as nearly as we could give them to you. * * * *

"Yours truly,
"FLETCHER, JENKS & CO."

Whatever conclusion might be drawn from these two letters, there is other correspondence showing the intent and understanding of the parties. The negotiations com

menced November 20, 1888, by a letter from plaintiffs, in which they say:

" Please enter our order for coming season's wants on screen doors, not to exceed 500 dozen, at the following terms," etc.

Accompanying this was another letter, of the same date, containing an order for 247 dozen doors. To these letters defendant replied November 26, in which he says:

" Will enter your order for 247 dozen doors for stock, but would not care to take order for 500 dozen, giving us the privilege of meeting any low price, or canceling any unfilled order, as we should not care to make any to hold over. We will sell you the 500 dozen at the price you named, if you will send list of sizes you want, or will place your order for above amount."

To this plaintiffs replied the following day, stating that they expected to sell 500 dozen during that year, and expected to sell defendant's doors altogether, but that it would be impossible for them to specify the whole amount until after their travelers had made a trip. They closed the letter with this language:

" The whole thing summed up is, we want to give you our season's business, whatever it may be, on these goods, at this price. Is this satisfactory?"

Then followed the two letters first above given. This ended the correspondence for that year. On May 9, 1889, defendant wrote plaintiffs asking for a list of sizes of doors they thought their trade would require, and stating that he had about 300 dozen in stock, and should not care to make any to hold over. To this plaintiffs replied, May 10:

" It would be impossible for us to make up an order now for what we want. We are not any more desirous of carrying over stock than yourself."

It is evident from this correspondence that no contract was made between the parties for, at least 500 dozen

doors. It was a contract for so many as the plaintiffs should need for the season's wants. No other conclusion can, in our judgment, be reached. The circuit judge was correct in instructing the jury to find a verdict for the plaintiffs.

The judgment is affirmed.

The other Justices concurred.